UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NEW ANGLE PET PRODUCTS, INC.,
ONE BARSTOW PROPERTIES, INC.,

                            Plaintiffs,

       -against-

**ORDER**
10 CV 2700 (SJF) (ARL)

ABSOLUTELYNEW, INC.,

                            Defendant.
------------------------------------------------------------X
FEUERSTEIN, J.

On June 14, 2010, New Angle Pet Products, Inc. and One Barstow Properties, Inc. ("plaintiffs") filed a complaint against Absolutelynew, Inc. ("defendant") alleging a claim of patent infringement. A waiver of service, signed on July 27, 2010, provided that defendant must file and serve an answer or a motion to dismiss on or before August 23, 2010. DE 3. On November 30, 2010, Magistrate Judge Arlene L. Lindsay granted plaintiffs' application to extend defendant's time to answer until December 31, 2010. *See* DE 4. Plaintiffs sought an extension of time to complete settlement negotiations. *See id.*

On January 6, 2011, the clerk of the court entered default against defendant pursuant to plaintiffs' motion. *See* DE 6. The following day, this Court scheduled a hearing for January 27, 2010. On January 11, 2011, plaintiffs notified defendant of the hearing and served a copy of the docket. *See* DE 7. On January 26, 2011, the hearing was adjourned to March 4, 2011 as a result of a change in the Court's calendar. Plaintiffs notified defendant of this change. *See* DE 8.

On March 3, 2011, plaintiffs requested an adjournment of the hearing believing that the

1

parties were "close to reaching a settlement." *See* DE 9. The adjournment was granted, the hearing adjourned until April 15, 2011 at eleven fifteen in the morning (11:15 A.M.) and notice of the adjournment was served on defendant. *See* DE 10, 11.

On March 25, 2011, plaintiff moved for a default judgment. On April 11, 2011, defendant filed a memorandum "in opposition to the motion for default judgment and in support of relief from default" as well as a proposed answer. *See* DE 13 ("Opp."). Defendant argued that default should not be entered because: (1) "defendant's counsel expected that the parties would be able to settle this matter without having to answer the complaint," and plaintiffs were aware of defendant's "financial precariousness," Memorandum at 3; (2) plaintiffs would not be prejudiced, *id.* at 3-4; (3) defendant has a meritorious defense on the merits and for lack of venue, *id.* at 4-5; (4) defendant disputes the damages, *id.* at 5; and (5) the request for relief was prompt. *Id.* Defendant provides email correspondence of the parties detailing the settlement negotiations occurring between January 10 and March 30, 2011. *Id.* Exhibit A.

On April 15, 2011, defendant's counsel did not appear. The Court entered default and judgment. Defendant's counsel arrived at the courtroom forty-five (45) minutes late, after the case had been called, and left a handwritten application to vacate the default judgment at the bench without apprising the clerk or service upon his adversary. *See* DE 23. The letter states that defendant's counsel called plaintiffs' counsel "more than an hour before" the conference to inform him that he would be late; however he was not able to "obtain a phone number" for the Court while on the train and plaintiffs' counsel "claims to have not received the messages." *Id.* Defendant argues that the notice of hearing did not indicate the time, address or courtroom of the hearing. *Id.* This letter is deemed a motion to vacate the default judgment.

Rule 55(c) provides that an entry of default may be vacated for "good cause," and a default judgment may be set aside for, in pertinent part, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 55(c); 60(b). "[I]n ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005); see also Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 62 (2d Cir. 1996). A decision to vacate a judgment is informed by three (3) factors: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." Green, 420 F.3d at 108 (quoting State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166-67 (2d Cir. 2004)). Other factors include "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).

Defendant's application to vacate the default judgment fails to demonstrate that its failure to answer the complaint was not willful. No extension of the time to answer was docketed. The email negotiations do not demonstrate active settlement negotiations prior to the clerk's entry of default or any other reason that defendant was unable to file an answer pursuant to Magistrate Judge Lindsay's November 30, 2010 order. On February 2, 2011, plaintiffs notified defendant that they would be filing a motion for default judgment, *see* Opp. Exhibit A at 8. Plaintiffs notified defendant that they had served the motion on March 25, 2011, *see id.* at 32, and defendant still did not file an answer until it filed opposition to the motion for default judgment on April 11, 2011. *See* DE 13. The record demonstrates that defendant was aware of the litigation, aware of its duty to answer, and

3

on notice that plaintiffs might move for default judgment based upon the entry of default.

Nor has defendant demonstrated the existence of a meritorious defense. Defendant argues that the allegations in the complaint are "defective" because they fail to adequately allege facts to sustain a cause of action of infringement and "[personal] jurisdiction and venue." Opp. at 4-5. The Federal Rules of Civil Procedure require these defenses to be raised in a responsive pleading or by motion, Rules 12(b), 12(h), and therefore, opposition to a motion for a default judgment is not the appropriate method for challenging defects in the complaint. In any event, these challenges do not present a complete defense to the merits of plaintiffs' claim of infringement, but rather allege potentially curable defects in the complaint. Defendant does not contest plaintiffs ownership of the patent or present any evidence that its product did not infringe upon plaintiffs' patent. Defendant's motion to vacate the default judgment does not satisfy the requirement that it present a meritorious defense. See Home Loan Investment Bank, F.S.B. v. Goodness and Mercy, Inc., No. 10–CV–4677, 2011 WL 1701795, at *9-10 (E.D.N.Y. April 30, 2011); 1st Bridge LLC v. 682 Jamaica Ave., LLC, No. 08–CV–3401, 2009 WL 301941, at *1 (E.D.N.Y. Feb. 6, 2009).

Although plaintiffs have not argued that they will suffer prejudice if the judgment is vacated, defendant's willful default and failure to establish a meritorious defense are sufficient to support a default judgment. Commercial Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 244 (2d Cir. 1994).

Defendant's argument that it was unaware of the time, address or courtroom of the hearing is unavailing. The notice of the January 27, 2011 hearing, denoting the time and courtroom, was served on January 11, 2011. *See* DE 7. The notice of adjournment to March 4, 2011, denoting the time and courtroom, was served on January 27, 2011. *See* DE 8. The adjournment to April 15, 2011, denoting the time of the conference was served on March 3, 2011. *See* DE 11. Defendant

4

successfully filed opposition to the motion for default electronically on April 11, 2011. *See* DE 13. Defendant's failure to appear upon these grounds is not a mistake, surprise, or excusable neglect that would justify that the entry of default or the default judgment be vacated.

III.    Conclusion

For the reasons stated above, defendant's motion to vacate the judgment is denied.

**SO ORDERED.**

_____
Sandra J. Feuerstein
United States District Judge

Dated: May 19, 2011
       Central Islip, New York