UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
NEW ANGLE PET PRODUCTS, INC.,
ONE BARSTOW PROPERTIES,  INC.,

                           Plaintiffs,

             -against-

ABSOLUTELYNEW, INC.,

                           Defendant.
-------------------------------------------------------X

FEUERSTEIN, J.

**ORDER**
10-CV-2700 (SJF)(ARL)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   NOV 2 8 2012   ★

LONG ISLAND OFFICE

I.      Background

        On June 14, 2010, New Angle Pet Products, Inc. and One Barstow Properties, Inc.

("plaintiffs") initiated this action against Absolutelynew, Inc. ("defendant") alleging patent

infringement.   [Docket Entry No. 1].   Defendant's deadline to file and serve an answer or motion

to dismiss was extended to December 31, 2010, [Docket Entry Nos. 3, 4], but defendant failed to

answer or move to dismiss by the deadline, and the Clerk of the Court entered default against

defendant on January 6, 2011.   [Docket Entry Nos. 5, 6].

        A hearing in aid of judgment scheduled for January 27, 2011 was adjourned to April 15,

2011, [Docket Entry No. 10], and notice of the adjournment was served and filed upon defendant,

[Docket Entry No. 11].   On March 25, 2011, plaintiffs served defendant with a motion for default

judgment.   [Docket Entry No. 12].   On April 11, 2011, defendant served and filed a

"memorandum in opposition to Plaintiff's Motion for Default Judgment and in support of Relief

From Default" and a proposed answer.   [Docket Entry No. 13].

        Defendant's counsel failed to appear at the hearing in aid of judgment, and the Court

1

entered a default judgment against defendant in the amount of sixty thousand dollars ($60,000). [Docket Entry Nos. 22, 23].  Defendant's counsel arrived forty-five (45) minutes late, as the Court was considering plaintiff's application for attorneys' fees.  Id.  The Court advised defendant's counsel that he was late and in default and awarded plaintiffs seven thousand one hundred dollars ($7,100) in attorneys' fees.  Id.

　　　After the hearing was concluded, defendant's counsel left a handwritten letter at the bench addressed to the Court, stating that he had called and e-mailed plaintiffs' counsel more than an hour prior to the hearing to inform him that he would be late to the hearing due to a train delay but "was not able to obtain a phone number" for the Court.  [Docket Entry No. 24].  The letter also stated that "plaintiffs [sic] notice of the hearing . . . did not indicate the time, address or courtroom set for [the] hearing which complicated matters upon [his] arrival to the courthouse."  Id.  The letter was deemed a motion to vacate the default judgment and was denied by the Court on May 20, 2011.  [Docket Entry No. 25].

　　　Defendant now moves again for relief from the default judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  [Docket Entry No. 34].  For the reasons that follow, the motion is DENIED.

II.　　Analysis

　　　Rule 55(c) of the Federal Rules of Civil Procedure provides that a court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Rule 60(b) in turn provides, in relevant part, that a party may be relieved from a final judgment for:  "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Whether to vacate a default judgment is

within the discretion of the Court, as "it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). However, the Second Circuit has expressed a strong preference for deciding disputes on the merits, and all doubts must be resolved in favor of the party seeking relief from the default judgment. New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).

In deciding a motion under either Rule 55(c) or Rule 60(b), the following factors are considered: (1) whether the default was willful, Peterson v. Syracuse Police Dep't, 467 F. App'x 31, 33 (2d Cir. 2012); (2) whether setting aside the default would prejudice the party for whom default was awarded, id.; (3) whether the moving party has presented a meritorious defense, id.; and (4) "[o]ther relevant equitable factors," such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result," Enron, 10 F.3d at 96. Although the factors considered under Rule 55(c) and Rule 60(b) are the same, "courts apply the factors more rigorously in the case of a default judgment, because the concepts of finality and litigation repose are more deeply implicated in the latter action." Id. (citation omitted). Therefore, motions under Rule 60(b) should be granted only in "extraordinary circumstances." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012).

The Court denied defendant's previous motion to vacate the default judgment because defendant: (1) failed to demonstrate that its failure to answer the complaint was not willful (since the record demonstrated that defendant was aware of the litigation, aware of its obligation to answer, and on notice that plaintiffs might move for default judgment based upon the entry of default); and (2) failed to demonstrate the existence of a meritorious defense. [Docket Entry No.

25].   The Court also rejected plaintiff's argument that it was unaware of the time and location of

the hearing, noting that defendant was served with notice of the hearing and all adjournments.

See [Docket Entry Nos. 7, 8, 11].

        Defendant now argues that the default judgment should be vacated because the damages

award:   (1) was obtained through false statements made to the Court; (2) is not supported by

plaintiffs' complaint; and (3) is not supported by the evidence offered by plaintiffs.   Defendant's

Brief in Support of Motion for Relief From Judgment Under Federal Rule 60(b) [Docket Entry No.

34-1] ("Def. Memo.").   In support of their damages claim, plaintiffs submitted an affidavit from

Larry Wechsler, president of New Angle Pet Products, Inc.   Id. at 3.   The affidavit contained

plaintiffs' estimate of a reasonable royalty rate ($2.00 per product sold) and the total sales of the

infringing product (30,000 units).   Id. at 3-4.   Defendant argues that the affidavit does not

accurately reflect plaintiffs' actual damages and that the Court failed to consider defendant's

evidence of actual total product sales.   Id. at 2, 5.   According to defendant, "the total judgment

entered by the Court is more than ten times the amount of damages actually suffered by

[plaintiffs]" and its enforcement will work "an extreme and undue hardship."   Id. at 5 (internal

quotation marks omitted).

        Even if defendant is correct that plaintiffs' evidence of damages was inaccurate and that

defendant's own evidence establishes that the actual damages sustained were much lower, a

motion under Rule 60(b) "must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1), and

defendant fails to offer an acceptable justification for its delay in seeking relief from the default

judgment.   Defendant failed to file a motion to vacate the initial default in the ninety-five (95)

days that elapsed between the entry of default and the filing of defendant's opposition to plaintiffs'

4

motion for default judgment.   After entry of the default judgment on April 15, 2011, defendant again failed to file an appropriate motion to vacate the default judgment in the thirty (30) days between entry of the default judgment and the Court's order dated May 20, 2011.   Defendant did not appeal the Court's order and filed the pending motion on March 9, 2012, over nine (9) months later.

According to defendant, "[a]fter the judgment was entered, it was unclear what [plaintiffs'] intentions were regarding enforcement and collection and, in fact, no enforcement actions were taken until November/December 2011," but that now plaintiffs are seeking to execute the judgment, and defendant "needed to take action to get relief from the judgment or at a minimum correct the damages amount."   Def. Memo. at 4.   Defendant's misapprehension of plaintiffs' intentions with respect to execution of the default judgment does not excuse defendant's nine-month delay.   See, e.g., Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation, 605 F.2d 648, 656 (2d Cir. 1979) ("[A]s the delay in making the motion approaches one year there should be a corresponding increase in the burden that must be carried to show that the delay was 'reasonable.'"); Dominguez v. United States, 583 F.2d 615, 617 (2d Cir. 1978) ("By no stretch of the imagination could his 10-month delay in moving to vacate the dismissal be characterized as 'excusable neglect' within the meaning of Rule 60(b).").   Defendant failed to appeal the Court's order or to file a motion for nine (9) months.   Defendant's delay was deliberate, and defendant must accept the consequences of its chosen course of action.   See, e.g., Stevens, 676 F.3d at 67 ("In no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion."); Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986) ("[A]n attorney's failure to evaluate carefully the legal consequences of a chosen

course of action provides no basis for relief from a judgment."); Cruickshank & Co., Ltd. v. Dutchess Shipping Co., Ltd., 805 F.2d 465, 468 (2d Cir. 1986) ("If the damages awarded to plaintiffs . . . were unjustified, an appeal was the proper vehicle to correct the award.   Having failed to appeal, the movants cannot achieve the same result under the guise of a rule 60(b)(5) motion."); Hawkins v. Borsey, 319 F. App'x 195, 196 (4th Cir. 2008) ("Thus, in cases where a movant makes a 'considered choice' not to appeal, he cannot be relieved of that choice merely because hindsight demonstrates that his decision to forego a timely appeal was probably wrong.").

Moreover, even if timely, defendant's argument that the judgment should be vacated because the damages award is not supported by either the evidence in the record or plaintiff's complaint is without merit.   In accordance with its duty to determine the appropriate amount of damages, the Court scheduled a hearing in aid of judgment for April 15, 2011, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (holding that a hearing to determine damages upon default may be necessary because a district court may not merely accept the plaintiff's statement of damages in the complaint), but defendant failed to appear at the hearing to contest plaintiffs' calculation of damages.   The Court previously held that defendant's failure to appear was not excusable neglect, [Docket Entry No. 25] at 4-5, and defendant has not offered any basis for the Court to reconsider this conclusion.   Given defendant's unjustified failure to appear before the Court on the issue of damages, the Court's reliance on plaintiffs' affidavit in its calculation of damages was proper.

III.   Conclusion

For the foregoing reasons, defendant's motion to vacate the default judgment [Docket Entry No. 34] is denied.

**SO ORDERED.**

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: November 28, 2012
       Central Islip, New York

7