UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NEW ANGLE PET PRODUCTS, INC.,
ONE BARSTOW PROPERTIES, INC.,

                        Plaintiffs,

          -against-

ABSOLUTELYNEW, INC.,

                        Defendant.
-----------------------------------------------------------X

**ORDER**
10-CV-2700 (SJF)(ARL)

FEUERSTEIN, J.

I.   Background

On June 14, 2010, New Angle Pet Products, Inc. and One Barstow Properties, Inc. ("plaintiffs") initiated this action against Absolutelynew, Inc. ("defendant") alleging patent infringement. [Docket Entry No. 1]. On April 15, 2011, the Court entered default judgment against defendant, [Docket Entry No. 23], and on November 28, 2012, denied defendant's motion to vacate the default judgment. [Docket Entry No. 37].

On February 21, 2012, plaintiffs served a restraining notice on third-party garnishee Union Bank, N.A. ("Union Bank") pursuant to § 5222(b) of the New York State Civil Practice Law and Rules. Declaration of Robert E. Wechsler In Support of Order to Show Cause [Docket Entry No. 38-1] ("Wechsler Decl.") at ¶ 4. Union Bank is holding sixty-seven thousand one hundred dollars ($67,100) pursuant to the restraining notice. Id. at ¶ 5.

On August 1, 2012, plaintiffs commenced a proceeding in the Supreme Court of the State of New York pursuant to N.Y. C.P.L.R. § 5225(b) seeking turn-over of the funds. Id. at ¶ 8; see New Angle Pet Prods., Inc. v. Union Bank, N.A., No. 652659/12 (N.Y. Sup. Ct. Aug. 1, 2012) (the

1

"Union Bank proceeding"). Defendant has opposed plaintiffs' turn-over petition, arguing that the restrained funds are on deposit in a San Francisco branch of Union Bank, not the New York branch served with the restraining notice, and thus are not subject to the turn-over proceeding under the "single entity rule," which provides that bank branches must be treated as separate entities for attachment purposes. Id. at ¶ 9. A decision has not yet been rendered in the Union Bank proceeding. Id. at ¶ 11.

In addition to serving a restraining notice on Union Bank, plaintiffs served a restraining notice on a New York branch of Bank of America and commenced a related turn-over proceeding in New York State Supreme Court (the "Bank of America proceeding"). Declaration of Laura V. Studwell in Opposition to Order to Show Cause Seeking Extension of Restraining Order [Docket Entry No. 41] ("Studwell Decl.") at ¶ 5. In opposing the turn-over of the funds in the Bank of America proceeding, defendant also relied upon the single entity rule, as defendant had no funds on deposit at the New York branch served with the restraining notice. On August 16, 2012, the Honorable Denise L. Sher issued an order denying plaintiffs' turn-over petition, noting that "lower New York state and Federal courts have struggled with the question of whether, and to what extent, the separate entity rule still exists and the contours of the rule as it may apply to postjudgment remedies including assets such as bank accounts," but opting to "rule in the same vein as its fellow lower courts, and find that, barring appellate action, the separate entity rule remains viable, even in the postjudgment enforcement context." New Angle Pet Prods., Inc. v. Bank of America, N.A., No. 7244/12 (N.Y. Sup. Ct. Aug. 16, 2012).

Now before the Court is plaintiffs' application to extend the duration of the restraining notice pending final determination of the Union Bank proceeding, including any appeals.

According to defendant, "[g]iven the strong likelihood that the Supreme Court, New York County will follow the established law of New York and deny the turnover petition in the Union Bank matter, as its sister court did in the Bank of America matter, plaintiffs' Order to Show cause [sic] seeking to indefinitely extend the Restraining Order should be denied." Studwell Decl. at ¶ 11.

II. Discussion

Federal Rule of Civil Procedure 69(a) provides that a district court should apply the procedural law of the state in which it sits in enforcing its judgments. See, e.g., Pressman v. Neubardt, No. 02-CV-8404, 2002 WL 31780183, at *3 (S.D.N.Y. Dec. 12, 2002). New York law provides that a court may, "upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure." N.Y. C.P.L.R. § 5240. "This provision provides a court with a practical method to protect judgment debtors from the often harsh results of lawful enforcement procedures, which it may use in order to prevent unreasonable disadvantage or other prejudice through its broad discretionary power to control and regulate the enforcement of a money judgment." In re Persky, 893 F.3d 15, 18 (2d Cir. 1989) (internal quotation marks omitted).

As defendant acknowledges, courts have reached different conclusions regarding the continuing validity of the single entity rule, and therefore defendant's alleged likelihood of success on the issue does not outweigh the potential prejudice to plaintiffs that would result if the restraining notice were to expire while the turn-over proceeding is still pending. Accordingly, plaintiffs' application is granted insofar as the duration of the restraining notice is extended pending the determination of the Union Bank proceeding in the Supreme Court of the State of New York. However, plaintiffs' application to extend the restraining notice for the duration of any

3

subsequent appeals is denied.

**SO ORDERED.**

s/ Sandra J. Feuerstein

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 29, 2013
       Central Islip, New York